# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3211-17T4

L.B.I.,

    Plaintiff-Respondent,

v.

W.F.A.-Y.,

    Defendant-Appellant.

_____

Argued November 4, 2019 – Decided December 12, 2019

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-0532-18.

W.F.A.-Y., appellant, argued the cause pro se.

Armando R. Horta argued the cause for respondent (The Horta Law Group, LLC, attorneys; Armando R. Horta, of counsel and on the brief).

PER CURIAM

Defendant W.F.A.-Y. appeals from the Family Part's January 31, 2018 order granting his former girlfriend, plaintiff, L.B.I. a Final Restraining Order (FRO) under the Prevention of Domestic Violence Act of 1991 (PDVA), N.J.S.A. 2C:25-17 to -35.[1] The trial court entered the order after finding that defendant committed the predicate acts, see N.J.S.A. 2C:25-19 (a), of harassment, N.J.S.A. 2C:33-4, and contempt of a temporary restraining order (TRO), N.J.S.A. 2C: 29-9, by threatening to release explicit photographs and videos of plaintiff to her family and friends, attempting to get plaintiff fired from her job, and writing letters to plaintiff and her mother while the TRO was in effect.

On appeal, defendant argues that the court's order should be reversed because it did not properly consider defendant's credibility and failed to identify a history of domestic violence. Moreover, according to defendant there was no evidence of any ongoing threats to plaintiff or that plaintiff was in immediate danger of any harm.

Plaintiff and defendant were in a dating relationship from November 13, 2015 to August 20, 2017. They lived together from March to August 2017 in

---

[1] We use initials to protect the identity of victims of domestic violence and to preserve the confidentiality of these proceedings. R. 1:38-3(d)(9)-(10).

plaintiff's apartment. The alleged harassment began after defendant and plaintiff ended their relationship and defendant continued to call plaintiff. On August 27, 2017, plaintiff filed a domestic violence complaint and a request for a TRO against defendant, which was subsequently granted. She alleged that defendant committed the predicate act of harassment by calling her over 200 times, which made plaintiff feel unsafe in her apartment. Plaintiff also alleged past instances of domestic violence.

On September 8, 2017, plaintiff amended her complaint to include two other predicate offenses; assault, N.J.S.A. 2C:12-1, and criminal coercion, N.J.S.A. 2C:13-5. Plaintiff did not allege as a predicate act a "contempt of a DV order" in her complaint. Plaintiff alleged that the predicate acts of assault and criminal coercion occurred when defendant left plaintiff a "vulgar" voicemail on plaintiff's mother's cell phone, sent two letters to plaintiff and her mother in violation of the TRO; broke into plaintiff's apartment and destroyed her belongings; contacted plaintiff's employer in attempt to get her fired from her work if she did not resume a relationship with defendant; threatened to distribute explicit photographs and videos of plaintiff to her family and friends; and, followed plaintiff to her apartment on August 23, 2017 and August 24,

2017. Plaintiff's amended complaint also included two additional alleged past instances of domestic violence.

At their ensuing trial, plaintiff and defendant each testified to the events alleged in plaintiff's original and amended complaint. After considering the evidence, the trial court placed its decision on the record. Initially, the court rejected plaintiff's claim of domestic violence to the extent it relied upon her being followed by defendant or that he called plaintiff over 200 times.

However, the court found defendant proved her claim that defendant committed acts of domestic violence based on other events. The court stated its findings of fact and conclusions of law as follows:

> [Defendant] did before the incidents in the complaint threaten to send out some sexual material related to her . . . family and friends and that he testified -- he threatened before that to call her employer . . . to tell the employer about the video. And he admitted later that he did do that and told them about the video which he believed would have been in violation of her work rules and would lead her to be fired. Those are acts of harassment.
>
> And . . . also . . . he did leave the letter . . . on the car window after service of the [TRO] and left the other letter, which refers to the prior episodes between them when he removed his personal belongings. And both of those constitute violations of the restraining order.

A-3211-17T4

Evidentially, the court found defendant had committed the predicate acts of harassment and violation of the TRO, even though plaintiff never alleged a violation of a TRO as a predicate act.

Based on these limited findings and without mentioning any of the factors it was required to consider under Silver v. Silver, 387 N.J. Super. 112 (2006), or the PDVA, the court determined that a FRO was necessary to protect plaintiff and entered a FRO, which it later amended. This appeal followed.

We conclude from our review that we are unable to perform our appellate function because the trial court did not fulfill its obligation to make sufficient findings of fact and set forth its conclusions of law as required by Rule 1:7-4 and under Silver. In every case decided by a court, it must make specific findings of fact and conclusions of law. R. 1:7-4(a); see also Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006). "Failure to make explicit findings and clear statements of reasoning [impedes meaningful appellate review and] 'constitutes a disservice to the litigants, the attorneys, and the appellate court.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 569-70 (1980)). Thus, although our standard of review is generally limited, see Cesare v. Cesare, 154 N.J. 394, 411 (1998), where inadequate findings of fact are made or where issues are not addressed, we are

constrained to remand for further proceedings. See Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015).

In domestic violence cases in particular, the court is obligated to set forth specific findings as required by the PDVA. In these matters, the trial court has a "two-fold" task. Silver, 387 N.J. Super. at 125. The court first "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Ibid. The court should make this determination "in light of the previous history of violence between the parties." Ibid. (quoting Cesare, 154 N.J. at 402). Next, the court must determine "whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse." Id. at 127 (citing N.J.S.A. 2C:25-29(b)); see also J.D. v. M.D.F., 207 N.J. 458, 476 (2011). "Commission of a predicate act is necessary, but alone insufficient, to trigger relief provided by the [PDVA]." R.G. v. R.G., 449 N.J. Super. 208, 228 (App. Div. 2017).

Here, plaintiff alleged harassment, assault, and criminal coercion as predicate acts. While the court ultimately found that plaintiff proved harassment, it did so without citing to the elements of the offense, the PDVA or determining under Silver whether an FRO was necessary. Moreover, it failed to address plaintiff's allegations

of assault and criminal coercion. Instead, the court found that the letters written to plaintiff and her mother constituted a violation of the TRO, even though plaintiff never alleged a "violation of a DV order" as a predicate offense. Under these circumstances we are constrained to vacate the FRO, reinstate the TRO and remand the matter for the trial court to issue a new oral or written decision specifying its reasons for its decision.

The order under appeal is vacated and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3211-17T4